| THE IOWA STATE BAR ASSOCIATION<br>Official Form No. 301 | Ron Danks | FOR THE LEGAL EFFECT OF THE USE OF<br>THIS FORM, CONSULT YOUR LAWYER |

2010 OCT 14  PM 1:52

# THE IOWA DISTRICT COURT
## WAPPELO COUNTY

Carol Lynn Bacus

Plaintiff(s),

VS.

Crest Group Home, American Baptist Homes of the Midwest and Lynne Sandegren, Individually,

Defendant(s).

LAW [X]

EQUITY [ ]   No. LALA104518

DATE PETITION FILED: 10-05-10

**ORIGINAL NOTICE**

TO THE ABOVE-NAMED DEFENDANT(S):

You are notified that a petition has been filed in the office of the clerk of this court naming you as the defendant(s) in this action. A copy of the petition (and any documents filed with it) is attached to this notice. The name(s) and address(es) of the attorney(s) for the plaintiff(s) (is) (are)

Ron Danks & Carly Smith P.O. Box C Pleasantville, IA 50225

The attorney's(s') phone number(s) (is) (are) 515-848-5413

facsimile number(s) 515-848-3272

You must serve a motion or answer within 20 days after service of this original notice upon you, and within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Wappelo County, at the county courthouse in Ottumwa Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at _____.

(If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942.)

(SEAL)

CLERK OF COURT
Wappelo County Courthouse
Ottumwa, Iowa 52501

**IMPORTANT:** YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS

© The Iowa State Bar Association 2003
IOWADOCS®

301 ORIGINAL NOTICE FOR PERSONAL SERVICE
Revised January, 1999

## IN THE IOWA DISTRICT COURT FOR WAPPELO COUNTY

| | |
|---|---|
| Carol Lynn Bacus<br><br>Plaintiffs,<br><br>v.<br><br>Crest Group Home, American Baptist Homes of the Midwest and Lynne Sandegren, Individually,<br><br>Defendants. | CASE NO. LALA 104518<br><br>PETITION AT LAW<br>AND<br>JURY DEMAND |

COMES NOW, the Plaintiff, Carol Lynn Bacus, by and through her attorneys, Ron Danks and Carly Smith, and states to the Court as follows:

### PARTIES AND VENUE

1) Carol Lynn Bacus is a resident of Ottumwa, Wapello County, Iowa.

2) Lynn Sandegren is a resident of Wapello County, Iowa.

3) Crest Group Home is a business in Ottumwa, Wapello County, Iowa.

4) That all allegations complained of took place in Wapello County, Iowa.

5) That Wapello County, Iowa is the proper venue for this cause of action.

6) That this case exceeds the jurisdictional limits for this Court.

7) That the District Court for Wapello County has jurisdiction over the Plaintiff's civil rights claim pursuant to Iowa Code section

216.16. Ms. Bacus has exhausted her administrative remedies and has applied for and received a right to sue letter from the Iowa Civil Rights Commission. A copy of which is attached.

## COUNT I: DISCRIMINATION AGAINST PLAINTIFF BASED ON HER DISABILITY BY LYNNE SANDEGREN AND CREST GROUP HOMES

8) Plaintiff realleges, restates, and reasserts each and every allegation set forth above, and by this reference incorporates the same as though fully set forth herein.

9) That Lynne Sandegren was employed by Crest Group Home as the administrator of the Ottumwa, Iowa facility.

10) That Carol Lynn Bacus has been employed by Crest Group Home in the Ottumwa, Iowa facility since February 2, 1990.

11) That Lynne Sandegren terminated Carol Lynne Bacus effective December 31, 2009.

12) That Carol Lynn Bacus is confined to a wheelchair.

13) That Ms. Bacus was terminated due to her disability.

14) That no reasonable accommodation was made for Ms. Bacus' disability by the Defendant.

15) That the discrimination against Ms. Bacus was in violation of Iowa Code §216.6(1).

16) That the discrimination against Ms. Bacus was in violation of the American with Disabilities Act.

17) That as a result of Carol Lynn Bacus' termination she has suffered and will continue to suffer a substantial loss in earnings has

incurred and will incur expenses in seeking other employment and has suffered and will continue to suffer mental anguish and emotional distress.

18) The Defendants' discrimination against Carol Lynn Bacus on the basis of her disability was willful and wanton and done in malice or with reckless indifference to the rights of Carol Lynn Bacus entitling her to collect exemplary or punitive damages.

WHEREFORE Plaintiff prays for judgment against the Defendants and demand that a monetary judgment be entered against Defendants for the damages sustained by the Plaintiff, together with such interest and costs as provided by law.

## DIVISION II: RESPONDENT SUPERIOR vs. CREST GROUP HOME

19) Plaintiff realleges, restates, and reasserts each and every allegation set forth above, and by this reference incorporates the same as though fully set forth herein.

20) Defendant Lynne Sandegren was an agent/employee of Crest Group Home.

21) That Crest Group Home authorized Lynne Sandegren to make decisions regarding the termination of employees at the Ottumwa, Iowa facility.

22) That Crest Group Home is vicariously liable for the acts of Defendant Lynne Sandegren.

WHEREFORE Plaintiff prays for judgment against the Defendants

and demand that a monetary judgment be entered against Defendant for the damages sustained by the Plaintiff, together with such interest and costs as provided by law.

### DIVISION III: RESPONDENT SUPERIOR vs. AMERICAN BAPTIST HOMES OF THE MIDWEST

23) Plaintiff realleges, restates, and reasserts each and every allegation set forth above, and by this reference incorporates the same as though fully set forth herein.

24) Defendant Lynne Sandegren was an agent/employee of Crest Group Home.

25) That Crest Group Homes authorized Lynne Sandegren to make decisions regarding the termination of employees at the Ottumwa, Iowa facility.

26) That Crest Group Home is a subsidiary of American Baptist Homes of the Midwest.

27) That American Baptist Homes of the Midwest is vicariously liable for the actions of its subsidiary Crest Group Home

WHEREFORE Plaintiff prays for judgment against the Defendants and demand that a monetary judgment be entered against Defendants for the damages sustained by the Plaintiff, together with such interest and costs as provided by law.

### DIVISION IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY DEFENDANT LYNNE SANDEGREN

28) Plaintiff realleges, restates, and reasserts each and every allegation set forth above, and by this reference incorporates the same as though fully set forth herein

29) The conduct of Defendant Lynn Sandegren was reckless and in wanton disregard of the health and well-being of the Plaintiff and was substantially certain to cause the Plaintiff severe emotional distress under the circumstances then and there existing.

30) The conduct of Defendant Lynne Sandegren as described in this Petition at Law was a proximate cause of the severe emotional distress caused by the Plaintiff.

31) Plaintiff now suffers or has suffered from anxiety, difficulty sleeping, loss of self esteem, emotional distress and withdrawal from her normal family and social activities.

32) The Defendant's conduct was willful and wanton and done in malice or with reckless indifference to the rights of Carol Lynn Bacus entitling her to collect exemplary or punitive damages.

WHEREFORE Plaintiff prays for judgment against the Defendant and demand that a monetary judgment be entered against Defendant for the damages sustained by the Plaintiff, together with such interest and costs as provided by law.

## JURY DEMAND

The Plaintiff hereby demands this case be heard by a jury trial.

*Ron Danks*
Ron Danks  AT00001954
Carly Smith AT 00009738
MYERS, MYERS, DANKS & SMITH
201 W. Monroe Street
P.O. Box C
Pleasantville, IA 50225
Ofc: (515) 848-5413
Fax: (515) 848-3272
rondanks@iowatelecom.net
carlysmith@iowatelecom.net
ATTORNEYS FOR PLAINTIFF